**CARMEN A. TRUTANICH**, City Attorney, SBN. 86629
**WILLIAM W. CARTER**, Chief Deputy, SBN. 115487
**CARLOS DE LA GUERRA**, Assistant City Attorney, SBN. 164046
**HEATHER AUBRY**, Deputy City Attorney, SBN. 169923
**OFFICE OF THE CITY ATTORNEY**
200 N. Main Street, 800 City Hall East
Los Angeles, California 90012-4131
Telephone: (213) 978-8380
Facsimile: (213) 978-8787

Attorneys for Defendant
**CITY OF LOS ANGELES**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRUCE BOYER**, individually and on behalf of **SONS OF LIBERTY LA**, an unincorporated association,<br><br>        Plaintiff,<br><br>    vs.<br><br>**CITY OF LOS ANGELES**,<br><br>        Defendant. | **Case No**. CV 12-04005 GAF (FFMx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Date: August 27, 2012<br>Time: 9:30 a.m.<br>Ctrm: 740<br>Hon. Gary Allen Feess<br><br>[Filed concurrently with Notice of Motion and Motion] |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

///

///

///

# TABLE OF CONTENTS

Table of Authorities ................................................................................ii

Introduction........................................................................................... 1

Statement of Alleged Facts .................................................................. 1

Argument............................................................................................... 2

   A.    Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).. 2

   B.    Plaintiffs have failed to state a claim under 42 U.S.C. § 1983. 3

      1.    Standard for Stating a Claim Under 42 U.S.C. § 1983........... 3

      2.    Plaintiff has failed to demonstrate that he possessed a constitutional right of which he was deprived. .............................. 4

   C.    Plaintiffs' other miscellaneous legal allegations do not constitute a claim that can survive *Twombly* analysis. .................... 6

   D.    Conclusion ................................................................................ 7

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

# TABLE OF AUTHORITIES

**Cases**

*Allen v. City of Portland*, 73 F.3d 232 (9th Cir. 1995) ..................... 4, 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............. 1, 2, 3, 7

*City of Canton v. Harris*, 489 U.S. 378 (1989) .................................... 4

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) ......... 3

*Cornelius v. NAACP Legal Defense and Educational Fund, Inc.*, 472 U.S. 788 (1985) ................................................................................ 4

*Diaz v. BSI Fin. Servs.*, 2012 U.S. Dist. LEXIS 78798 (C.D. Cal. 2012) ................................................................................................ 3, 7

*Greer v. Spock*, 424 U.S. 828 (1976) .................................................. 6

*International Scoiety for Krishna Consciousness, Inc. v. Lee*, 505 U.S. 672 (1992) ..................................................................................... 4, 5

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ................... 4

*Oviatt v. Pearce*, 954 F.2d 1470 (9th Cir. 1992) ................................. 4

*Pareto v. F.D.I.C.*, 139 F.3d 696 (9th Cir. 1998) ............................. 3, 6

*Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37 (1983) ................................................................................................. 6

*SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780 (9th Cir. 1996) ..................................................................................... 3

*United States ex rel. Chunie v. Ringrose*, 788 F.2d 638 (9th Cir.), *cert. denied*, 479 U.S. 1009 (1986) ................................................... 3

*United States Postal Service v. Council of Greenburgh Civic Associations*, 453 U.S. 114 (1981) ...................................................... 5

*Western Mining Council v. Watt*, 643 F.2d 618 (9th Cir.), *cert. denied*, 454 U.S. 1031 (1981) .......................................................................... 3

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

**Statutes**

28 U.S.C. § 2201 ................................................................................................ 6

42 U.S.C. § 1983 ........................................................................................ 2, 3, 6

**Rules**

Fed. R. Civ. P. 12(b)(6) ......................................................... 1, 2, 3, 7

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

# INTRODUCTION

Plaintiff Bruce Boyer, individually and on behalf of the "Sons of Liberty LA," ("Sons of Liberty") brings an action against the City of Los Angeles ("the City"), alleging that the City has prevented him and other members of his organization from accessing its "Gun Buy Back" events. Despite its invocation of several state and federal laws, Plaintiff's complaint contains a single cause of action and presents a single overriding legal issue: whether the City's denial of Plaintiffs' entry into areas used for Gun Buy Back events constitutes an unconstitutional violation of Plaintiffs' free speech rights. This Court has already held in rejecting Plaintiffs' application for a temporary restraining order ("TRO") that preventing Plaintiffs' access to Gun Buy Back surrender sites does not constitute a constitutional violation.

In this motion, the City will demonstrate that Plaintiffs have failed to state a claim upon which relief can be granted. Thus, the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

# STATEMENT OF ALLEGED FACTS

Since 2009, the City through its police department, has conducted Gun Buy Back events. (Complaint, Docket No. 1, ¶ 4.) During these events, the City offers to take possession of guns, "no questions asked," and rewards anyone who forfeits a gun with a grocery store gift card worth between $100 and $200. *Id*. As a matter of policy, Plaintiffs disagree with these events. *Id*. at ¶ 5. Since 2010, Plaintiffs have "appeared in the vicinity" of these events to "communicate an opposing viewpoint." *Id*. at ¶ 6. In 2010, Mr. Boyer was arrested for entering the Gun Buy Back site on foot "to converse with participants." *Id*.

///

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

This year, Mr. Boyer and Sons of Liberty sought an order permitting them to attend the Gun Buy Back even scheduled for May 12, 2012 to "communicate with attendees," "convey their point of view," and "convey information concerning alternatives to . . . surrender." *Id.* at ¶ 8. After making a request, Plaintiffs were allegedly denied access to this year's surrender sites or "adjacent sidewalk areas" by Detective Tompkins, the officer in charge.[1] *Id.* Plaintiffs appear to believe that being denied access to the surrender site and adjacent property is a violation of their First Amendment rights of speech and association and have filed this action.

## ARGUMENT

Plaintiffs have failed to state a claim upon which relief can be granted under Rule 12(b)(6). Plaintiffs' primary claim, that they are entitled to relief under 42 U.S.C. § 1983 is not substantiated in their pleadings and has already been rejected by this Court. Plaintiffs' subsidiary claims, that they are entitled to relief under the Declaratory Judgment Act and the Los Angeles Municipal Code are not substantiated in their pleadings beyond conclusory allegations of law.

### A.   Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) empowers federal courts to dismiss a complaint for failure to state a claim upon which relief can be granted. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must

---

[1] This Court has already considered and credited evidence that "the City has communicated to Plaintiffs that they will have the opportunity to exercise their First Amendment rights on the public sidewalks or other public areas immediately adjacent to the gun buyback locations." (Order: TRO, 7.)

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

be enough to raise a right to relief above the speculative level." *Id*. Where, as here, the complaint fails to adequately state a claim, such deficiency should "be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558. Such a dismissal "may be based on either (1) a lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory." *Diaz v. BSI Fin. Servs.*, 2012 U.S. Dist. LEXIS 78798, 6 (C.D. Cal. June 5, 2012) (citing *SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996)).

In ruling on a Rule 12(b)(6) motion, a court should not accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994); *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n. 2 (9th Cir.), *cert. denied*, 479 U.S. 1009 (1986); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.), *cert. denied*, 454 U.S. 1031 (1981). Moreover, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a [Rule 12(b)(6)] motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

**B.     Plaintiffs have failed to state a claim under 42 U.S.C. § 1983.**

This Court has already found that Plaintiffs were not deprived of a constitutional right when they were restricted from entering gun buyback program zones. Because this alleged violation of First Amendment rights as incorporated through the Fourteenth Amendment is the only federal question before this Court, Petitioners have failed to state a claim under 42 U.S.C. § 1983 and their case should be dismissed.

**1.  *Standard for Stating a Claim Under 42 U.S.C. § 1983***

Plaintiffs claim to present federal claims for relief under 42 U.S.C. § 1983. (Compl. ¶ 1.) "A local government entity is liable under § 1983

3

when 'action pursuant to official municipal policy of some nature causes a constitutional tort." *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001). To prove this, a plaintiff must demonstrate

(1) that he possessed a constitutional right of which he was deprived;
(2) that the municipality had a policy; (3) that this policy "amounts to deliberate indifference" to the plaintiff's constitutional right; and (4) that the policy is the "moving force behind the constitutional violation."

*Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378 (1989)). "The critical inquiry in a § 1983 action is whether the plaintiff has been deprived of a right secured by the Constitution and laws." *Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1995).

### 2. *Plaintiff has failed to demonstrate that he possessed a constitutional right of which he was deprived.*

This Court has already concluded that "Plaintiffs cannot establish a likelihood of success on the merits." (Order: Temporary Restraining Order, Docket No. 11, 5.) That conclusion was based on proper application of "forum analysis." *Id*. Here, as there, Plaintiffs have not demonstrated denial of a constitutional right.

"The [Supreme] Court has adopted a forum analysis as a means of determining when the Government's interest in limiting the use of its property to its intended purpose outweighs the interest of those wishing to use the property for other purposes. *Cornelius v. NAACP Legal Defense and Educational Fund, Inc.*, 472 U.S. 788, 800 (1985). This analysis categorizes government-owned property "as either a traditional public forum, a designated public forum, or a nonpublic forum." *International Society for Krishna Consciousness, Inc. v. Lee*, 505 U.S. 672, 694 (1992).
///

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Traditional public forums exist when "public property which [has] as a principal purpose the free exchange of ideas," as "evidenced by a long-standing historical practice of permitting speech." *Krishna Consciousness*, 505 U.S. at 694. (internal citations and quotation marks omitted). Designated public forums "consist of property which the government intends to open for public discourse." *Id*. "All other types of property are . . . nonpublic forums . . . and government imposed restrictions of speech in these places will be upheld so long as reasonable and viewpoint neutral." *Id*. "The State, no less than a private owner of property, has power to preserve the property under its control for the use to which it is lawfully dedicated." *United States Postal Service v. Council of Greenburgh Civic Associations*, 453 U.S. 114, 129-130 (1981).

Here, "Plaintiffs have presented no evidence that any of the six locations being used for gun buyback events have ever had their 'principle purpose the free exchange of ideas,' or that the government intends to open any of these forums for public discourse." (Order: TRO, 6.) The only expressed purpose of gun buyback programs is for the City to receive voluntarily surrendered firearms in exchange for a gift card. Consequently, the areas used for the gun buyback programs are non-public forums.[2] The only remaining question, then, is whether the exclusion of Plaintiffs was reasonable and viewpoint neutral.

This Court properly held that these restrictions are reasonable. *Id*. at 7. The exclusion is reasonable, because access to gun surrender sites is restricted "in order to ensure the safety of the citizens participating in the gun buyback program and the City employees and officials staffing the event." (Declaration of Richard Tompkins, Docket No. 10-1, ¶ 9.) Securing

---

[2] <u>Private</u> property used for the sole purpose of receiving surrendered weapons is by definition a <u>non-public</u> forum.

5

the area also helps in "limiting its potential liability for any injuries to persons it invites onto the properties." *Id.* at ¶ 8.

This Court also properly held that the restrictions were viewpoint neutral. (Order: TRO, 7.) The only distinction between those allowed into the area and those prevented from entering is "whether or not a person plans to participate in the exchange program." *Id.* That objective classification is viewpoint neutral because it has been and will continue to be "objectively and evenhandedly applied." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 61 (1983) (quoting *Greer v. Spock*, 424 U.S. 828, 839 (1976)).

Plaintiffs Section 1983 claim based on the First Amendment should be dismissed under Rule 12(b)(6) because it is not supported by sufficient facts.

### C. Plaintiffs' other miscellaneous legal allegations do not constitute a claim that can survive *Twombly* analysis.

Aside from their Section 1983 claim, Petitioners allege that they are entitled to relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 and miscellaneous provisions of the Los Angeles Municipal Code ("LAMC") dealing with "surplus City property. (Compl. ¶¶ 1, 9.) These claims amount to nothing more than "conclusory allegations of law and unwarranted inferences." *Pareto*, 139 F.3d at 699.

Plaintiffs' pray for a judgment "declaring the rights of plaintiffs and others similarly situation to be granted access to and meaningful participation in current and future Gun Buy Back events for purposes of expressing their views." (Compl. ¶¶ 1, 9.) For the reasons set forth above, Plaintiffs have failed to establish such rights with respect to Gun Buy Back event sites.

///

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Plaintiffs' LAMC claim is also unsubstantiated. Plaintiffs reference the disposal of surrendered firearms "only in the manner authorized by the [LAMC] for the disposition of 'surplus City property,'" but never identify any applicable LAMC section. (Compl. ¶ 9.)  Plaintiffs' claim that the City has failed to meet its obligations under the LAMC is a baseless "conclusory allegation of law." Moreover, this theory of liability does not allege facts demonstrating that a right secured to him by the Constitution or laws of the United States was or is being violated. *Allen,* 73 F.3d at 235. To the extent that Plaintiffs seek relief under Section 1983 based on the LAMC, this claim is clearly deficient.

Finally, Plaintiffs seek injunctive relief "(4) to determine whether any surrendered firearms may be evidence of a criminal act and to submit such evidence to the appropriate prosecutorial authority for a determination whether a prosecution should be pursued, and (5) to permit plaintiffs access to press conferences and other media opportunities relating to Gun Buy Back events on a par with that access provided to other members of the public and press." These completely undeveloped theories of liability are facially deficient and should be dismissed under Rule 12(b)(6). Plaintiffs fail to articulate a cognizable legal theory to support such relief or assert factual grounds of entitlement to relief. *Diaz* 2012 U.S. Dist. LEXIS 78798 at 6.  Furthermore, as with the claim based on alleged violation of the LAMC, Plaintiffs have no basis for relief under Section 1983 because they allege no facts demonstrating violation of a right under the United States Constitution.

### D. Conclusion

Even under the easier pre-*Twombly* standard, Plaintiffs would have failed to state a claim upon relief can be granted and their claim should be dismissed in accordance with Rule 12(b)(6).  Plaintiffs have not stated a

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

claim under Section 1983, because they have not been deprived of any recognized constitutional right. To the extent Plaintiffs' other claims are based on some other theory of liability, they amount to nothing more than conclusory allegations of law and unwarranted inferences. This Court should dismiss Plaintiffs' claims for substantially the same reasons it denied their TRO application.

DATE: July 26, 2012    Respectfully submitted,

                                CARMEN A. TRUTANICH, City Attorney
                                HEATHER AUBRY, Deputy City Attorney


                        By:   */s/ Heather Aubry*
                             HEATHER AUBRY, Deputy City Attorney

                        Attorneys for Defendant, CITY OF LOS ANGELES

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)